IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01114-MSK-PAC

JEMELL MAY,

      Plaintiff,

v.

DENNY'S RESTAURANTS,

      Defendant.

_____

## OPINION AND ORDER DISMISSING ACTION
_____

**THIS MATTER** comes before the Court pursuant to the Court's October 13, 2005

Order to Show Cause (**# 24**).

The Plaintiff *pro se* commenced this action on June 9, 2003 (**# 1**).  On August 18, 2003,

the Plaintiff was granted leave to proceed *in forma pauperis* (**# 8**), but due to a

miscommunication, the United States Marshal's Service was never asked to effectuate service of

the Summons and Complaint pursuant to 28 U.S.C. § 1915(d).  On August 10, 2004, Magistrate

Judge Coan issued a Recommendation (**# 17**) that the Complaint be dismissed for failure to

effectuate service of process.  This Court declined (**# 21**) to adopt the Magistrate Judge's

Recommendation, finding that the Court had not fully carried out its obligations under § 1915(d).

Instead, this Court granted the Plaintiff an additional 30 days within which to ensure that service

was completed and directed that the Clerk of the Court supply the Marshal's Service with a copy

1

of the Summons and Complaint to be served.  However, the Court expressly advised the Plaintiff that, ultimately, it was his obligation to "monitor the status of the case and ensure that service is effected and that proof of service is filed within the deadline set by this Court."

More than a year passed without any indication that service was attempted or effectuated, and on October 13, 2005, this Court issued the instant Order to Show Cause (**# 22**).  Reciting the foregoing history, the Court directed the Plaintiff to show cause, within 14 days of the Order, why the case should not be dismissed for failure to effect service and failure to diligently prosecute the case.  The Court specifically instructed the Plaintiff to "indicate what steps he has taken to ensure service of process as directed by this Court in its October 29, 2004 Order."  The Court went on to advise the Plaintiff that "failure to timely respond to this Order[ ] shall result in dismissal of this action."  The deadline set by the Court for response has passed, and the docket does not indicate that the Plaintiff filed any response to the Order.

The Court now dismisses this action on several independent grounds.  First, pursuant to Fed. R. Civ. P. 4(m), the Plaintiff has failed to effectuate service within the time provided by the Court.  The Plaintiff has offered no explanation for his failure to ensure that service was completed within the 30 days following the Court's October 28, 2004 Order, and thus, the Court finds no good cause to extend that deadline further.  Accordingly, the Complaint is dismissed for failure to timely effectuate service under Rule 4(m).

Separately, the Court finds that the Plaintiff has failed to diligently prosecute this case. The matter has been pending for more than two years, and yet process has not yet been served on the Defendant.  In assessing the appropriate sanction to impose on a party's failure to diligently prosecute an action,  the Court turns to the *Ehrenhaus* factors. *Ehrenhaus v. Reynolds*, 965 F.2d

916, 921 (10th Cir.1992) (sanction for discovery violations); *Reed v. Bennett*, 312 F.3d 1190,

1195 (10th Cir. 2002) (sanction for failure to prosecute, applying factors similar to *Ehrenhaus*).

Under *Ehrenhaus*, the Court considers: (i) the degree of actual prejudice to the other

party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii)

whether the Court warned the party in advance of the consequences for non-compliance; and (iv)

the efficacy of lesser sanctions. 965 F.2d at 921. In weighing these factors, the Court is mindful

that dismissal of an action is the ultimate sanction, and should be the punishment of last resort

when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc.*

*v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir.

1993). However, once the aggravating factors outweigh the judicial system's strong preference

for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965

F.2d at 921. In addition, the Court is mindful of the Plaintiff's *pro se* status, and reads his

pleadings liberally as a result. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir.1991). However, such liberality does not relieve the Plaintiff of

the obligation to comply with the Court's rules and Orders. *Id.*

With regard to the effect of the Plaintiff's failure to diligently prosecute this action, the

Court turns first to the prejudice to the opposing party. Here, the Defendant has been the subject

of a lawsuit for nearly two and a half years, but has yet to be given notice of the claim. The

potential for prejudice in such situations is significant. Among other things, documents and

evidence relevant to the Plaintiff's claim may have been lost through the passage of time or

discarded by the Defendant under the mistaken belief that no litigation had occurred regarding the

events at issue, and the damages claimed by the Plaintiff have continued to accrue without the

3

Defendant having an adequate, timely opportunity to evaluate the merits and value of the Plaintiff's claim. However, the Court recognizes that the Defendant has yet to appear in this case and that such prejudice is, at this point, only hypothetical. Accordingly, although the potential for such prejudice in these circumstances is substantial, this factor weighs only slightly against the Plaintiff.

The prejudice to the judicial system, however, is both actual and substantial. This case has been stalled at the starting line for more than two years. Most cases of this vintage have long since concluded, yet this action remains in its infancy. In an attempt to bring this action to a swift conclusion, this Court would be required to expedite proceedings in this matter, to the detriment of more recent cases competing for the Court's limited hearing time. More importantly, however, the Plaintiff's failure to prosecute this case has required both the Magistrate Judge **(# 13, 15, 17)** and this Court **(# 21, 24)** to issue repeated Orders seeking to move the case along. Time spent by the Court attempting to advance this case deprives other cases of judicial attention, thus prejudicing the entire judicial system.

The third *Ehrenhaus* factor examines the culpability of the litigant. Because of potential miscommunications regarding who would serve the Summons and Complaint, the Court finds that the Plaintiff is not culpable for the initial delay in effectuating service– the period between the filing of the Complaint and this Court's October 28, 2004 Order to Show Cause. However, the Plaintiff is largely, if perhaps not entirely, culpable for delays occurring since the Court advised him of his obligation to monitor the Marshal's attempts at service and to communicate with the Marshal so as to ensure prompt service. Although it does not appear that the Marshal attempted or effectuated service in the past year, there is nothing in the record that shows that the Plaintiff

carried out his obligation of monitoring the Marshal's efforts and taking appropriate action. Although there may be reasons beyond the Plaintiff's control as to why the Marshal has failed to attempt and achieve service since October 2004, there is nothing in the record to show that the Plaintiff took any steps on his own to assist or encourage the Marshal nor advise the Court of difficulties in doing so. This factor weighs significantly, if not heavily, against the Plaintiff.

The Court also finds that the Plaintiff has been adequately advised of his obligation to diligently prosecute this case. Magistrate Judge Coan's August 10, 2004 Recommendation of dismissal was based on the Plaintiff's failure to prosecute, and was rejected by this Court only on technical grounds. Although the Plaintiff's lack of legal training bears on the issue of whether he had adequate notice of the potential of sanctions for failure to prosecute, the Court's October 28, 2004 Order expressly advised the Plaintiff, in easy-to-understand language, of his obligation to ensure that service was completed, and that sanctions, including dismissal, could result from failing to comply with the Court's orders. This factor, then, weighs strongly against the Plaintiff.

The final factor examines whether alternatives short of dismissal are available. Although the Court could cure some of the hypothetical prejudice to the Defendant– say, by crafting appropriate discovery rulings and jury instructions to accommodate lost or vanished evidence and by limiting the damages the Plaintiff might recover– the Court can conceive of no sanction short of dismissal that remedies harm to the judicial system. The Plaintiff is already proceeding *in forma pauperis*, making a monetary sanction unlikely to achieve any meaningful result. Stern admonishments to the Plaintiff have been ineffective in spurring action on the case. Thus, the Court finds that the only appropriate sanction for the Plaintiff's failure to prosecute is dismissal under Fed. R. Civ. P. 41(b).

Finally, as a separate basis, the Court also finds that the Plaintiff has failed to comply with the instruction in the Court's October 13, 2005 Order to Show Cause. Specifically, the Plaintiff was instructed to respond to the Order and provide details about his efforts to effectuate service, and failed to do so. The failure to comply with a Court's Order gives rise to an analysis of the proper sanction under *Ehrenhaus*. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994).

The Defendant is not materially prejudiced by the Plaintiff's failure to comply with the Court's Order. However, the judicial system suffers significant prejudice. A litigant's blanket or selective refusal to respond to Court orders deprives the Court of the primary tool used to manage litigation. It also further exacerbates the waste of judicial resources resulting from the Plaintiff's other actions in this case. The Plaintiff is fully culpable for his failure to respond to the Court's Order, as the Court's records indicate that he was served with a copy of the Order to Show Cause at his address of record, yet has failed to file a timely response or seek additional time to do so. The Court's October 13, 2005 Order to Show Cause expressly advised the Plaintiff that failure to timely respond would result in dismissal. Finally, for the same reasons as discussed regarding the failure to prosecute, the Court finds that no sanction short of dismissal would be effective in remedying the Plaintiff's failure to comply with the Court's orders.

For the foregoing reasons, the Complaint is **DISMISSED** for failure to effectuate service, for failure to prosecute, and for failure to comply with the Court's Orders.  The Clerk of the Court is directed to close this case.

Dated this 1st day of November, 2005.

**BY THE COURT:**

Marcia S. Krieger
United States District Judge